IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20931
USDC No. H-95-CV-819

_____

CALVIN BURNETT COLEMAN,

Plaintiff-Appellant,

versus

M. BLACKBURN,

Defendant-Appellee,

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -
April 11, 1997

Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Calvin Burnett Coleman, a Texas inmate (# 614644), appeals from the district court judgment granting defendant Blackburn's motion for summary judgment in his civil rights action alleging interference with his mail privileges and retaliation. Coleman has filed a motion for leave to proceed in forma pauperis ("IFP") on appeal. The motion for leave to appeal IFP is GRANTED.

Coleman must pay an initial partial filing fee of $3.55, based on average monthly deposits of $17.76 in his inmate trust

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

fund account.  See 28 U.S.C. § 1915(b)(1).  After Coleman pays the initial fee, he shall make monthly payments of twenty percent of the preceding month's income credited to his prison trust fund account.  See § 1915(b)(2).  The agency having custody of Coleman shall forward payments from his account to the clerk of the district court each time the amount in his account exceeds $10 until the filing fee of $105 is paid.  Id.

After conducting a de novo review and applying the same standard as a district court, Brewer v. Wilkinson, 3 F.3d 816, 819-20 (5th Cir. 1993), we AFFIRM the judgment of the district court.  Coleman failed to establish that a genuine issue of material fact existed as to his allegations that Blackburn destroyed or withheld his outgoing or incoming legal mail, or acted with retaliatory motive.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c), (e).  Coleman had no right to have legal mail opened in his presence.  Brewer, 3 F.3d at 825.

Coleman does not present a nonfrivolous issue for appeal. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his appeal is DISMISSED as frivolous.  See 5th Cir. R. 42.2.

IFP GRANTED; APPEAL DISMISSED.